# EXHIBIT A

**EXHIBIT A**
to Complaint in *Jeremiah Spruill v. City of New York, et al.*,

**Decisions Involving New York County District Attorneys
Improperly Withholding *Brady* Materials**

*People v. Jones,* 70 N.Y.2d 547 (1987): Court of Appeals reversed a first degree narcotics conviction due to the trial prosecutor's "total failure" to deliver interview notes with a key informant which would have revealed significant "discrepancies" in his trial testimony affecting his apparent honesty and overall credibility.

*People v. Waller,* 98 A.D.2d 47 (1st Dept. l983): Appellate Division found the prosecutor guilty of a "clear *Brady* violation," and of denying the defendant "a fair trial in violation of due process," based upon the prosecutor's argument in summation that the complainant in a sex crime case had no motive to lie when the prosecutor knew, but had concealed, that the complainant had consulted with a civil attorney and was waiting for the outcome of the trial before suing for monetary damages. The court reversed the conviction.

*People v. Novoa,* 70 N.Y.2d 490 (1987): Court of Appeal s unanimously reversed defendant's New York County murder conviction because "the prosecutor here breached a duty to disclose . . . promises, to correct the witness's testimony that she was promised nothing, and to refrain from misstatements in summation." The prosecutor had elicited the witness's flat denial that "anyone had promised anything with respect to your pending case," and had then argued that she was a "forthright woman" who had no reason to lie because "she wasn't promised anything." In fact, the witness's Special Narcotics prosecutor had promised to consider the totality of her cooperation, including in the homicide case.

*People v. Conlan,* 146 A.D. 2d 319 (1st Dept. 1989): Appellate Division reversed another New York County murder conviction because of the prosecutor's "particularly disingenuous" denials that *she* had made any promise of consideration to a crucial prosecution witness, when the witness expected assistance with his own case based upon assurances of *another* assistant district attorney.

*People v. Grice,* 188 A.D. 2d 397 (1st Dept. 1992): Trial court vacated the defendant's conviction because the prosecutor "did not ascertain and disclose the full details of a cooperation agreement entered into by a material witness" in which his cooperation in Manhattan would likely benefit him in his own case in the Bronx. The Appellate Division affirmed the lower court's ruling.

*People v. Marzed,* 161 Misc.2d 309 (Crim. Ct., New York Co. 1993), the court overturned a weapons conviction because the prosecutor had failed to disclose that the crucial prosecution witness, a police officer, was under investigation for perjury in another gun possession case. While the court made no finding that the trial prosecutor had actually known this information, if he had not, it would have been because of the Office's indifference to its obligation to ensure that such information was disseminated to prosecutors handling cases in which the officer under investigation was a prosecution witness.

*People v. Curry,* 164 Misc.2d 969 (Sup. Ct., New York Co. 1995): Supreme Court justice

overturned drug conviction, even though the defendant had pleaded guilty, because the District Attorney's Office had deliberately kept the prosecutor handling the case, and therefore the defense, in the dark about a corruption investigation of the arresting officer for stealing money - exactly what the defendant claimed the officer had done in his case. The decision reveals that, on May 13, 1993, the People had misrepresented to the defense that it had no *Brady* material regarding the case, had then induced the defendant to plead guilty to a reduced charge, and after its failure to disclose the officer's corruption was revealed, defended the conviction. The court held: "In a case which will admittedly hinge on a credibility contest between the defendant and the officer, the withholding of the information at issue does not comport with due process."

*People v. Williams,* 7 N.Y.3d 15 (2006): *Brady* violation occurred at a pretrial suppression hearing when the assigned prosecutor was kept in the dark by others in the office about a perjury investigation of the only witness, a police officer, in a contemporaneous, similar, but unrelated case. When the assigned prosecutor learned the information, he still wrongfully withheld it. Disclosure was made only when the defense subpoenaed the witness to testify for the defendant at the trial. Although the Court of Appeals upheld the hearing judge's decision to allow the People to reopen the suppression hearing and rely on a different witness, it condemned the prosecution's behavior: "There was no excuse for the People's failure to make the hearing judge aware of the perjury investigation of [the witness] - at the same time that the People were asking the hearing judge to rely on [the witness's] testimony to deny suppression. At best, the People now concede, they were guilty of a significant misjudgment."

*People v. Jackson,* 237 A.D.2d 179 (1st Dept. 1997): Appellate Division, citing *Brady,* vacated a 1992 attempted murder conviction because of the prosecution's failure to turn over police reports that the defense had "specifically requested" which were "significantly at variance with the prosecution's evidence at trial and were clearly evidence that was favorable to the accused." The purported difficulties that the District Attorney's office had with obtaining the reports from the Internal Affairs Division of the Police Department were no excuse.

*People v. Gantt,* 13 A.D.3d 204 (1st Dept. 2004): Appellate Division affirmed a lower court decision vacating the defendant's 2001 murder conviction due to the prosecution's failure to disclose the prior inconsistent statement of its main witness, a career criminal who had waited six years to come forward, which called into question his claim that he witnessed the shooting.

*People v. Sinha,* 84 A.D.3d 35 (1st Dept. 2011), *aff'd on other grounds,* 19 N.Y.3d 932 (2012): Appellate Division reversed a 2007 bribery conviction in the interest of justice "because the prosecution failed to fulfill basic disclosure obligations that are essential to a fair trial," including withholding e-mails to a witness's mother containing extravagant promises of consideration if her son would cooperate and revealing benefits he already had received, as well as other information bearing upon the witness's motive to lie and criminal history. The court wrote: "The trial court correctly characterized the tardy disclosure of the e-mails as 'inexcusable.' We add that for the prosecution to fail in three distinct respects to fulfill its disclosure obligation is intolerable."

*People v. Ortiz,* 85 A.D3d 588 (1st Dept. 2011): Appellate Division, for the second time, reversed the defendant's conviction for criminal facilitation of murder. The first conviction, after a full trial in 2002, had been reversed for pervasive misconduct by the prosecutor (*People v. Ortiz,* 33 A.D.2d

2

432 (1st Dept. 2006). The second conviction was reversed because the prosecution had convinced the trial judge to deny the defense permission to use reports of the District Attorney's Office to contradict the crucial testimony of an assistant district attorney because it was unclear whether the same ADA had been the author of the reports. Two justices, in a concurring opinion, found that the conviction also should have been reversed for a *Brady* violation. The violation was the failure to disclose still another document which proved that the reports in question in fact had been authored by the same ADA-witness.

*People v. Watkins,* 189 A.D.2d 623 (1st Dept. 1993) (drug conviction reversed for prosecutor's failure to disclose officer's notes containing "important impeachment material").

*People v. Jackson,* 174 A.D.2d 552 (1st Dept. 1991) (conviction reversed in the interest of justice where prosecutor falsely represented at a conditional hearing that all *Rosario* material had been disclosed while not disclosing until after the witness had been deported his initial, three-page statement to police).

*People v. Green,* 140 A.D.2d 213 (1st Dept. 1988) (prosecutor failed to disclose handwritten police report and then misrepresented in summation that it confirmed the officer's testimony when in fact it contradicted it).

*People v. Quinones,* 139 A.D.2d 404 (1st Dept. 1988) ("incomprehensible" failure by prosecutor to disclose various police documents, including one that undercut possession of stolen property charge).

*People v. Thompson,* 71 N.Y.2d 918 (1988) (burglary and sodomy conviction reversed where prosecution sandbagged defense by holding back key document that undermined defense strategy).

*People v. Dixon,* 209 A.D.2d 274 (1st Dept. 1994) (1990 murder conviction reversed for prosecutor's inexcusable failure, despite "repeated defense requests," to disclose police notes).

*People v. West,* 185 A.D.2d 160 (1992) (failure to disclose police report plainly required to be disclosed under Court of Appeals precedent).

*People v. Dennis,* 265 A.D.2d 271 (1st Dept. 1999) (reversing 1988 murder conviction because of prosecutor's failure to disclose and to preserve detective's handwritten notes which he used to refresh his recollection during his pretrial hearing testimony).

*People v. Jordan,* 207 A.D.2d 700 (1st Dept. 1994) (reversing 1991 drug conviction because prosecution "prejudiced" the defense by failing to disclose police notes relating "directly to the primary issues contested at trial").

*People v. Jennings,* 248 A.D.2d 265 (1st Dept. 1998) (reversing 1994 narcotics conviction where prosecutor inexcusably failed to disclose officer's daily activity report).

## Decisions Involving New York County District Attorneys
## Improperly Vouching for the People's Witnesses

*People v. Rivera ,* 75 A.D.2d 544 (1st Dept. 1980) (prosecutor's summation was a "blatant appeal to prejudice" and to "inflame the passions of the jurors"; she persisted notwithstanding the court's rulings against her; murder conviction overturned even though the evidence was "overwhelming").

*People v. Bolden,* 82 A.D.2d 757 (1st Dept. 1981) (manslaughter conviction reversed due to prosecutor's "improper conduct," including "vouching for the credibility of the People's witnesses").

*People v. Dowrlell,* 88 A.D.2d 239 (1st Dept. 1982) (pervasive summation misconduct, including vouching for the lack of motive to lie and honesty of the People's witnesses).

*People v. Bendell,* 111 A.D.2d 878 (1st Dept. 1985) (bribery conviction reversed after the prosecutor repeatedly "became an unsworn witness for the prosecution and impermissibly placed his own veracity as an issue before the jury" during witness examinations and his summation) (reversed by New York State Court of Appeals for lack of prejudice, *see People v. Bendell,* 67 N.Y.2d 724 (1986)).

*People v. Coates,* 137 A.D.2d 192 (1st Dept. 1988) (murder conviction reversed due to the prosecutor's "flagrant," "arrogant[]," and pervasive misconduct in misstating the evidence and continually violating the court's rulings).

*People v. Hansen,* 141 A.D.2d 417 (1st Dept. 1988) (pervasive summation misconduct; "the prosecutor unfairly injected her own personal views and conveyed her own personal opinion of the case" and "vouched for the credibility of the witnesses").

*People v. Blake,* 139 A.D.2d 110 (1st Dept. 1988) (murder conviction reversed due to "prosecutor's violation of the unsworn witness rule" which bolstered People's case on specific disputed issues);

*People v. Clemons,* 166 A.D.2d 363 (1st Dept. 1990) (robbery/assault conviction reversed due to summation misconduct of prosecutor, which including vouching for his witnesses).

*People v. Norton,* 164 A.D.2d 343 (1st Dept. 1990) (assault conviction reversed due to prosecutor's "exceptionally deplorable" summation misconduct in which he became an unsworn witness and argued "facts" not in evidence).

*People v. D'Alessandro,* 184 A.D.2d 114 (1st Dept. 1992) (summation misconduct, including vouching, "went beyond the limits of propriety" [but errors found harmless]).

*People v. Tolbert,* 198 A.D.2d 132 (1st Dept. 1993) (assault conviction reversed due to prosecutor's vouching for the complainant's truthfulness and other misconduct).

*People v. Bell,* 191 A.D .2d 361 (1st Dept. 1993) (robbery conviction reversed due to prosecutor's "repetitive and haranguing comments in summation, a practice repeatedly condemned by this court," as well as prosecutor's "vouching for the credibility of one of the police witnesses").

*People v. Nevedo,* 202 A.D.2d 183 (1st Dept. 1994) (1991 robbery conviction reversed due to prosecutor's inflammatory comments in summation; court finds it "frustrating and distressing to have to reverse the conviction of a defendant who the evidence shows is almost certainly guilty of very serious and violent crimes," causing the "utter waste" of the time of "judge, jurors, witnesses and court personnel, ... all because a prosecutor was overzealous in his quest for a conviction").

*People v. Collins,* 12 A.D.3d 33 (1st Dept. 2004) (2002 drug conviction reversed due to "catalogue of prosecutorial improprieties committed during summation" including vouching and arguing "facts" not in evidence).

*People v. Ortiz,* 33 A.D .3d 432 (1st Dept. 2006) (2002 murder conviction reversed due to prosecutor's pervasive misconduct on cross-examination and during summation including "repeatedly vouch[ing]").

*People v. Moye,* 52 A.D.3d 1 (1st Dept. 2008), *aff'd,* 12 N.Y.3d 743 (2009) (drug conviction reversed due to prosecutor's "egregious violation of the unsworn witness" and vouching rules by reference to his own pretrial conduct and credibility).