```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/12/2021_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH SPRUILL,

                Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK COUNTY DISTRICT ATTORNEY CYRUS VANCE, NEW YORK CITY POLICE DEPARTMENT UNDERCOVER OFFICER UC0039, NEW YORK CITY POLICE DEPARTMENT UNDERCOVER OFFICER UC0076, NEW YORK CITY POLICE DEPARTMENT SERGEANT ROBERT KELLY (Shield No. 3349), NEW YORK CITY POLICE DEPARTMENT DETECTIVE OSCAR FERNANDEZ (Shield No. 7103), NEW YORK CITY POLICE DEPARTMENT DETECTIVE JAMAL HAIRTSON (Shield No. 203), NEW YORK CITY POLICE DEPARTMENT DETECTIVE CHRISTOPHER HEREDIA (Shield No. 1339), NEW YORK CITY POLICE DEPARTMENT DETECTIVE ERICK ORTIZ (Shield No. 3383), in their individual and official capacities,

                Defendants.

21 Civ. 181 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    To protect the public health, while promoting the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, it is ORDERED pursuant to Rules 30(b)(3) and 30(b)(4) of the Federal Rules of Civil Procedure that all depositions in this action may be taken via telephone, videoconference, or other remote means. It is further ORDERED pursuant to Rule 30(b)(5) that a deposition will be deemed to have taken place "before an officer appointed or designated under Rule 28" if such officer attends the deposition using the same remote means used to connect all other participants, so long as all participants (including the officer) can clearly hear and be heard by all other participants. The parties are encouraged to engage in discovery through remote means at every available opportunity.

    SO ORDERED.

Dated: January 12, 2021
       New York, New York

ANALISA TORRES
United States District Judge