UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH SPRUILL,

                                        Plaintiff,

                 v.

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT UNDERCOVER OFFICER
UC0039, NEW YORK CITY POLICE DEPARTMENT
UNDERCOVER OFFICER UC0076, NEW YORK CITY
POLICE DEPARTMENT SERGEANT ROBERT
KELLY (Shield No. 3349), NEW YORK CITY POLICE
DEPARTMENT DETECTIVE OSCAR FERNANDEZ
(Shield No. 7103), NEW YORK CITY POLICE
DEPARTMENT DETECTIVE JAMAL HAIRSTON
(Shield No. 203), NEW YORK CITY POLICE
DEPARTMENT DETECTIVE CHRISTOPHER
HEREDIA (Shield No. 1339), NEW YORK CITY
POLICE DEPARTMENT DETECTIVE ERICK ORTIZ
(Shield No. 3383), in their individual and official
capacities.

                                        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CITY OF NEW YORK'S MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT
PURSUANT TO
FED. R. CIV. P. 12(B)(6)**

*GEORGIA M. PESTANA*
*Acting Corporation Counsel of the City of New York*
        *Attorney for Defendant the City of New York*
        *100 Church Street*
        *New York, New York  10007*


        *Of Counsel:  Hannah V. Faddis*
        *Tel:  (212) 356-2486*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS..............................................................................................1

STANDARD OF REVIEW..............................................................................................3

ARGUMENT...............................................................................................................4

POINT I........................................................................................................................4

THIS ACTION SHOULD BE DISMISSED PURSUANT TO THE *COLORADO RIVER*

ABSTENTION DOCTRINE ........................................................................................4

    A.   THE STATE AND FEDERAL ACTIONS ARE PARALLEL ACTIONS. ....................5

    B.   THE *COLORADO RIVER* FACTORS URGE ABSTENTION. ....................................5

POINT II........................................................................................................................7

PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION SHOULD BE DISMISSED......7

    B.   PLAINTIFF HAS NOT PLAUSIBLY ALLEGED A MALICIOUS PROSECUTION

CLAIM AGAINST ALL DEFENDANTS..........................................................................8

POINT III ......................................................................................................................9

PLAINTIFF'S CLAIM FOR DENIAL OF THE RIGHT TO A FAIR TRIAL SHOULD BE

DISMISSED...................................................................................................................9

    B.   PLAINTIFF HAS NOT PLAUSIBLY ALLEGED A FABRICATION CLAIM

AGAINST ALL DEFENDANTS........................................................................................11

POINT IV ......................................................................................................................11

PLAINTIFF'S CLAIM FOR FAILURE TO INTERVENE SHOULD BE DISMISSED ........ 11

POINT V .................................................................................................................... 13

PLAINTIFF'S CLAIM FOR MUNICIPAL LIABILITY SHOULD BE DISMISSED ........... 13

B.   PLAINTIFF FAILS TO STATE A CLAIM BASED ON PURPORTED DANY

POLICIES ...................................................................................................................... 17

CONCLUSION ...................................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

5 Borough Pawn, LLC v. City of New York, 640 F. Supp. 2d 268 (S.D.N.Y. 2009) .................13

Amnesty Am. v. Town of W. Hartford, 361 F.3d 113 (2d Cir. 2004) .........................15

Ashcroft v. Iqbal, 556 U.S. 662 (2009) .................................................................3, 12

Bd. of the County Comm'rs v Brown, 520 U.S. 397 (1997) .....................................13

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ...........................................3, 12

Brady v. Maryland, 373 U.S. 83 (1963) ....................................................................17

Breton v. City of New York, 17-cv-9247 (JGK), 2019 U.S. Dist. LEXIS 150407 (S.D.N.Y. Sep. 3, 2019) .....................................................................................................10

Bridgeforth v. City of New York, No. 16 Civ. 273 (WHP), 2018 U.S. Dist. LEXIS 108315 (S.D.N.Y. June 28, 2018) ...........................................................................10

Campbell v. Hanson, No. 17 Civ. 1024 (ALC), 2018 U.S. Dist. LEXIS 111215 (S.D.N.Y. June 29, 2018) .................................................................................................14

Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002) .....................................4

City of Canton v. Harris, 489 U.S. 378 (1989) ............................................. 13, 14, 15

Colorado River Water Cons. Dist. v. U.S., 424 U.S. 800 (1976) ..........................4, 5, 6

Connick v. Thompson, 563 U.S. 51 (2011) ..........................................................14, 15

Conopco. Inc. v. Roll International, 231 F. 3d 82 (2d Cir. 2000) ................................4

Dore v. Wormley, 690 F. Supp. 2d 176 (S.D.N.Y. 2010) ...........................................4

Feinberg v. City of N.Y., No. 99 Civ. 12127 (RCC), 2004 U.S. Dist. LEXIS 16098 (S.D.N.Y. Aug. 13, 2004) ...........................................................................................12

Goldentree Asset Mgmt., L.P. v. Longaberger Co., 448 F. Supp. 2d 589 (S.D.N.Y. 2006).......4, 5

Goldring v. Donawa, et al., No. 16-cv-5651, 2019 U.S. Dist. LEXIS 161170 (E.D.N.Y. Sept. 19, 2019).................................................................................................................................10

Grandon v. Merrill Lynch & Co., 147 F.3d 184 (2d Cir. 1998).....................................................3

Greene v. City of N.Y., 742 F. App'x 532 (2d Cir. 2018) ....................................................15, 17

Hygh v. Jacobs, 961 F.2d 359 (2d Cir. 1992)................................................................................8

Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501 (S.D.N.Y. 2008)..............................................11

Jones v. City of N.Y., 846 F App'x 22 (2d Cir 2021).....................................................................3

Lanning v City of Glens Falls, 908 F.3d 19 (2d Cir 2018) ..................................................7, 8, 11

Leonard F. v. Israel Disc. Bank of New York, 199 F.3d 99 (2d Cir. 1999)....................................3

Liverpool v. Cleveland, No. 17-cv-1995 (AMD) (JO), 2019 U.S. Dist. LEXIS 168994 (E.D.N.Y. Sept. 30, 2019) ...........................................................................................................8

Mann v. Alvarez, No. 96 Civ. 2641 (RWS), 1996 U.S. Dist. LEXIS 13789 (S.D.N.Y. Sep. 19, 1996)...................................................................................................................................6, 7

Marom v. City of New York, No. 15 Civ. 2017 (PKC), 2016 U.S. Dist. LEXIS 28466 (S.D.N.Y. Mar. 7, 2016).................................................................................................................6

McDonough v. Smith, 139 S. Ct. 2149 (2019)..............................................................................10

McKenzie v. City of N.Y., No. 17 Civ. 4899 (PAE), 2019 U.S. Dist. LEXIS 121937 (S.D.N.Y. July 22, 2019)...........................................................................................................................10

Miller v. Terillion, 436 F. Supp. 3d 598 (E.D.N.Y. 2020)..........................................................10

Mitchell v. City of New York, 841 F.3d 72 (2d Cir. 2016) ............................................................7

Monell ...............................................................................................................13, 14, 17, 18

Monell v. Dept. of Soc. Svcs., 436 U.S. 658 (1978)....................................................................13

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983)................................6

Nat'l Union Fire Ins. Co. of Pittsburgh v. Kare, 108 F.3d 17 (2d Cir. 1997) ................................5

O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988)........................................................11

Oklahoma City v. Tuttle, 471 U.S. 808 (1985) ................................................................... 13, 14

People v. Tolbert, 198 A.D.2d 132 (1st Dep't 1993)..................................................................18

Peterkin v. Saratoga Cty., No. 19 Civ. 0021 (GTS)(TWD), 2019 U.S. Dist. LEXIS 216374 (N.D.N.Y Dec. 17, 2019)......................................................................................8

Rosario v. City of N.Y., No. 18 Civ. 4023 (LGS), 2019 U.S. Dist. LEXIS 159771 (S.D.N.Y. Sept. 16, 2019) ..................................................................................................... 10, 17

Samuels v. Air Transp. Local 504, 992 F. 2d 12 (2d Cir. 1993) ....................................................3

Saucier v. Katz, 533 U.S. 194 (2001) .......................................................................................12

Simon v. City of N.Y., No. 16-CV-1017 (NGG) (RML), 2020 U.S. Dist. LEXIS 47919 (E.D.N.Y. Mar. 19, 2020)......................................................................................................10

Smith v. DeGirolamo, No. 17-cv-5532 (KAM)(ST), 2020 U.S. Dist. LEXIS 176310 (E.D.N.Y. Sep. 25, 2020) ......................................................................................................8

Thompson v. Clark, 794 Fed. Appx. 140 (2d Cir. 2020), cert granted, Thompson v. Clark, 2021 U.S. LEXIS 1363 (U.S., Mar. 8, 2021) ..................................................................................8

Triano v. Town of Harrison, 895 F. Supp. 2d 526 (S.D.N.Y. 2012) ...........................................14

Walker v. City of N.Y., 974 F.2d 293 (2d Cir. 1992)..................................................................15

Woodford v. Cmty. Action Agency of Green County, Inc., 239 F.3d 517 (2d Cir. 2001) .........5, 7

**Rules**

Fed R. Civ. P. 8(a)(2) ..............................................................................................................3

Fed. R. Civ. P. 12(b)(6)............................................................................................................4

Fed. R. Evid. 201 ....................................................................................................................3

## PRELIMINARY STATEMENT

Plaintiff Jeremiah Spruill has commenced this action alleging various violations of his Constitutional rights under 42 U.S.C. § 1983 against the City of New York (the "City") and several employees of the New York City Police Department ("NYPD"), defendants Undercover Officer ("UC") 39, UC 76, Sgt. Robert Kelly, Det. Oscar Fernandez, Det. Jamal Hairston, Det. Christopher Heredia, and Det. Erick Ortiz. These claims arise from plaintiff's arrest on March 12, 2014, and subsequent prosecution and incarceration. Because this action is largely duplicative of a parallel action commenced by plaintiff in the Supreme Court of the State of New York almost two years prior, this action should be dismissed pursuant to the <u>Colorado River</u> abstention doctrine. Plaintiff's claims are also insufficiently pled, and should alternatively be dismissed on those grounds.

## STATEMENT OF FACTS

The following facts are drawn from the allegations in the First Amended Complaint ("FAC") filed in this action on April 7, 2021 (Exhibit "A" to the Faddis Declaration, dated June 21, 2021 ("Faddis Decl.")), except as otherwise noted. On March 12, 2014, plaintiff was walking to the subway to go to work. (FAC, Faddis Decl., Ex. A, ¶ 2). Out of nowhere, plaintiff was grabbed by officers, forced against a wall and handcuffed. Plaintiff had been falsely identified as a participant in a drug sale by UC 39, who has a history of making false allegations. (<u>Id.</u>) Plaintiff was searched and no evidence of criminal activity was recovered. (<u>Id.</u>) Nonetheless, plaintiff was arrested and prosecuted based on UC 39's allegations. (<u>Id.</u>) The Office of the District Attorney for New York County ("DANY") was aware of UC 39's history of false arrests based on knowingly false information, and included his name on a list of police officers who should be barred from testifying, which information was not disclosed to plaintiff's counsel. (<u>Id.</u>, ¶ 3). As a result of false testimony by UC 39, plaintiff was convicted of sale of a controlled substance and

sentenced to 6 years. (Id.) Prior to plaintiff's trial, DANY had dismissed five cases in in which UC 39 was the only witness. (Id.)

UC 39 testified before the grand jury, which indicted plaintiff on two counts of felony sale of controlled substance. (Id.) In addition to UC 39, Sgt. Kelly, Det. Fernandez, and Det. Ortiz testified at trial, but they had not seen the buy and bust operation. (Id., ¶ 57). In the spring of 2017, plaintiff was released on bail pending the adjudication of a motion pursuant to N.Y. Crim. Proc. L. § 440.10, after three years of incarceration. In November 2017, the District Attorney for New York County ("DANY") voluntarily dismissed all charges, and plaintiff's conviction was vacated in "the interest of justice" on January 8, 2018. (Id., ¶¶ 71-75; Dismissal Order, Faddis Decl., Ex. C).

On April 11, 2019, plaintiff commenced a civil lawsuit in the Supreme Court of the State of New York, alleging violations of the New York State constitution (search, false arrest, false imprisonment, false charges, denial of the right to a fair trial, deprivation of liberty), negligence, intentional, reckless, or negligent infliction of emotional distress, assault and battery, false arrest/imprisonment, negligent training, supervision, and discipline, and *respondeat superior*. (See N.Y. Supreme Complaint, Faddis Decl., Ex. B). The state court claims were alleged against the City, UC 39, UC 76, Det. Fernandez, Det. Hairston, and Det. Heredia. Upon information and belief, that action is still pending.

Thereafter, plaintiff commenced the instant action on January 8, 2021 (ECF No. 1), alleging substantially the same or similar claims under federal law, arising from the same nucleus of operative facts, against the same defendants, and naming an additional two NYPD officers—Sgt. Kelly and Det. Ortiz—and the District Attorney for New York County, Cyrus Vance, in his official capacity. Plaintiff amended his complaint on April 7, 2021, to remove District Attorney

Vance as a defendant and withdraw his time-barred claim of false arrest.[1] (See, FAC, Faddis Decl., Ex. A).

## STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court is required to accept the material facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor. See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). To survive a motion to dismiss, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677. See also, Triano v. Town of Harrison, 895 F. Supp 2d 526, 529 (S.D.N.Y. 2012). Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.

In testing the sufficiency of a pleading, a court may consider "the facts alleged in the pleadings, and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F. 2d 12, 15 (2d Cir. 1993); see also, Leonard F. v. Israel Disc. Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999); Fed. R. Evid. 201. Even where a document is not explicitly incorporated by reference, "the court may nevertheless consider it where the complaint relies

---

[1] Plaintiff's false arrest claim accrued at the time of his arraignment, which was on or about March 13, 2014 (FAC, Faddis Decl., Ex. A, ¶ 42), and the statute of limitations ran three years later. See Jones v. City of N.Y., 846 F App'x 22, 23 (2d Cir 2021).

heavily upon its terms and effect, which renders the document integral to the complaint."

Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (internal quotations omitted).

With respect to judicial notice, "it is well established that a district court may rely on matters of

public record in deciding a motion to dismiss under Rule 12(b)(6), including arrest reports,

criminal complaints, indictments, and criminal disposition data." Harris v. Howard, No. 08 Civ.

4837 (CM), 2009 U.S. Dist. LEXIS 105860, at *2 (S.D.N.Y. Oct. 30, 2009). The Court in this

action may thus properly consider the judicial records and court orders prepared in the underlying

criminal matter and the complaint filed in the related action, because they are the types of

documents of which the Court can take judicial notice.

Finally, "a motion under Rule 12(b)(6) should be granted if an affirmative defense,

or other reason barring relief, is apparent from the face of the Complaint. Conopco. Inc. v. Roll

International, 231 F. 3d 82, 86-87 (2d Cir. 2000).

**ARGUMENT**

**POINT I**

**THIS ACTION SHOULD BE DISMISSED PURSUANT TO THE *COLORADO RIVER* ABSTENTION DOCTRINE**

The Colorado River abstention doctrine permits a district court to decline

jurisdiction over a case where there are parallel state and federal court actions and "wise judicial

administration" warrants dismissal of the federal court action. Colorado River Water Cons. Dist.

v. U.S., 424 U.S. 800, 817 (1976); see, e.g., Goldentree Asset Mgmt., L.P. v. Longaberger Co.,

448 F. Supp. 2d 589 (S.D.N.Y. 2006) (abstaining under Colorado River and emphasizing that

piecemeal litigation is to be avoided); Dore v. Wormley, 690 F. Supp. 2d 176 (S.D.N.Y. 2010)

(same). "Federal and state proceedings are…'parallel'…when the proceedings are essentially the

same; that is, there is an identity of parties, and the issues and relief sought are the same."

Woodford v. Cmty. Action Agency of Green County, Inc., 239 F.3d 517, 521 (2d Cir. 2001) (citing Nat'l Union Fire Ins. Co. of Pittsburgh v. Kare, 108 F.3d 17, 22 (2d Cir. 1997)).  At bottom, the doctrine favors the efficient resolution of disputes.  In determining whether to exercise the doctrine, the Second Circuit has developed six non-dispositive factors outlined.  Those factors include: "(1) the assumption of jurisdiction by either court over any *res* or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule or decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction."  Goldentree, 448 F. Supp. 2d at 593-94.

A.   The State and Federal Actions Are Parallel **Actions**.

As an initial matter, the state and federal actions commenced by the plaintiff are parallel actions for the purposes of the Colorado River doctrine.  The claims arise from the same set of underlying allegations—namely, that UC 39 fabricated evidence which led to plaintiff's unlawful arrest, prosecution, and conviction.  The federal claims plaintiff has brought in this action are factually and legally redundant to the claims asserted in the pending state action.  Moreover, almost all of the same parties have been named in these two actions. Apart from Sgt. Kelly and Det. Ortiz, the parties are identical. Because the adjudication of these claims against these parties will require the same factfinding, and in most instances the same legal analysis, these are parallel actions.

B.   The *Colorado River* Factors Urge Abstention.

With regard to the Colorado River factors, a majority of factors weigh in favor of the Court's abstention from this federal action.  "The decision to dismiss or stay proceedings does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case," Mann v. Alvarez, No. 96 Civ. 2641 (RWS), 1996 U.S. Dist. LEXIS 13789, at *5

(S.D.N.Y. Sep. 19, 1996) (citing <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 16 (1983)). The first two factors are neutral because there is no *res* or property at issue, and the state and federal fora are essentially co-located and therefore equally convenient to all parties.

With regard to the third factor, dismissal of this action will avoid the piecemeal and inconsistent adjudication of plaintiff's claims. Plaintiff has already commenced an action in a court of competent jurisdiction involving substantially the same claims and almost all of the same parties. There is no question that plaintiff could have brought the instant claims in that action, if he so chose. Indeed, many of plaintiff's Section 1983 claims are founded in the tort laws of the State of New York. <u>See</u> <u>Marom v. City of New York</u>, No. 15 Civ. 2017 (PKC), 2016 U.S. Dist. LEXIS 28466, at *16 (S.D.N.Y. Mar. 7, 2016). The litigation of these two parallel actions will be a tremendous waste of resources—for the City and the Courts. Additionally, the litigation of these actions could easily lead to the inconsistent adjudication of almost identical claims, or permit plaintiff to work a double recovery on those claims. Either result is to be avoided. <u>See</u> <u>Moses H. Cone</u>, 460 U.S. at 16 (citing <u>Colorado River</u>, 424 U.S. at 819) (discussing the need to avoid piecemeal litigation.))

With regard to the fourth factor, plaintiff chose to file first in the courts of the State of New York almost two years before commencing this action. The state action is being actively litigated. That action should proceed over his late-filed federal action, which has not yet advanced past the pleadings stage.

With regard to the fifth factor, although the claims plaintiff has brought in the parallel proceedings sound, respectively, in state and federal law, this factor also urges abstention. That is because many of the constitutional claims plaintiff has brought are derived from New York tort law. Additionally, while a federal court may be the preferred forum for the adjudication of

federal claims, the issues raised in this action are not unfamiliar to New York State courts. Leaving that aside, the costs and risks of redundant—and potentially inconsistent—litigation clearly tips the scales in favor of the Court's abstention from this action. See Woodford, 239 F.3d at 521 (2d Cir. 2001).

With regard to the sixth factor, there is no question that plaintiff's rights will be adequately protected by the courts of the State of New York. See Mann, 1996 U.S. Dist. LEXIS 13789, at *10.

Accordingly, this case should be dismissed in favor of the resolution of the first-filed, pending state action.

## POINT II

## PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION SHOULD BE DISMISSED

Plaintiff's claim for malicious prosecution must also be dismissed because he does not sufficiently allege the personal involvement of each of the defendants, and the termination of his prosecution does not affirmatively indicate his innocence. In order to prevail on a malicious prosecution claim "under both Section 1983 and New York State law, a plaintiff is required to demonstrate: (i) the commencement or continuation of a criminal proceeding against her; (ii) the termination of the proceeding in her favor; (iii) that there was no probable cause for the proceeding; and (iv) that the proceeding was instituted with malice." Mitchell v. City of New York, 841 F.3d 72, 79 (2d Cir. 2016); see also Lanning v City of Glens Falls, 908 F.3d 19, 22 (2d Cir 2018).

A. Plaintiff Has Not Adequately Pled Favorable Termination.

In Lanning, the Second Circuit clarified that the favorable termination element of a malicious prosecution claim under federal law requires "affirmative indications of innocence." 908 F.3d 19, 25 (2d Cir. 2018). To affirmatively indicate innocence, courts in this Circuit have

held that a complaint must "set forth the basis upon which the dismissal of [the plaintiff's] charge was made." Peterkin v. Saratoga Cty., No. 19 Civ. 0021 (GTS)(TWD), 2019 U.S. Dist. LEXIS 216374, at *18-19 (N.D.N.Y Dec. 17, 2019); see also Liverpool v. Cleveland, No. 17-cv-1995 (AMD) (JO), 2019 U.S. Dist. LEXIS 168994, at *9 n.6 (E.D.N.Y. Sept. 30, 2019) (acknowledging that a plaintiff must "sufficiently allege that the resolution of the charges against him…was a 'favorable' termination"). The Amended Complaint alleges only that the indictment of plaintiff was dismissed in the interest of justice. However, "where a dismissal in the interest of justice leaves the question of guilt or innocence unanswered[,]…it cannot provide the favorable termination required as the basis for [a malicious prosecution] claim." Lanning, 908 F.3d at 28-29 (citing Hygh v. Jacobs, 961 F.2d 359, 367-68 (2d Cir. 1992)); Smith v. DeGirolamo, No. 17-cv-5532 (KAM)(ST), 2020 U.S. Dist. LEXIS 176310, at *26 (E.D.N.Y. Sep. 25, 2020); see also Thompson v. Clark, 794 Fed. Appx. 140, 142 (2d Cir. 2020), cert granted, Thompson v. Clark, 2021 U.S. LEXIS 1363 (U.S., Mar. 8, 2021) (No. 20-659).

Here, plaintiff has pled, and court records confirm, that his prosecution was terminated in the "interest of justice." (See, Order of Dismissal, Faddis Decl., Ex. C). Plaintiff fails to allege, nor can it be gleaned from the Dismissal Order, that this termination affirmatively indicates plaintiff's innocence. The Dismissal Order recites only the basic facts that DANY had consented to vacate plaintiff's conviction because, "the interests of justice would not be served by a retrial." (Id.) No indications of innocence are noted, and thus this is not a termination in favor of the plaintiff. Accordingly, plaintiff's claim for malicious prosecution must be dismissed.

B. Plaintiff Has Not Plausibly Alleged a Malicious Prosecution Claim Against All Defendants.

Plaintiff has failed to plausibly allege any claim for malicious prosecution against defendants UC 76, Det. Kelly, Det. Fernandez, or Det. Ortiz. Personal involvement in an alleged

constitutional violation is a prerequisite to an award of damages. <u>Blyden v. Mancusi</u>, 186 F.3d 252, 264 (2d Cir. 1999)). Where, as here, the complaint fails to allege the "specific, personal" involvement of the defendants, it is insufficient to state a plausible claim for malicious prosecution. <u>Leibovitz v. Barry</u>, No. 15-CV-1722, 2016 U.S. Dist. LEXIS 128231, *11 (E.D.N.Y. Sept. 20, 2016).

The FAC sets forth only bare allegation that that these defendants knew that probable cause to prosecute plaintiff was lacking. (FAC, Faddis Decl., Ex. A, ¶ 99). These allegations, without more, do not plausibly state a claim, that any of these defendants initiated or continued the prosecution against plaintiff, knowing it lacked probable cause. Indeed, plaintiff alleges that only the testimony of UC 39 was used to establish probable cause to arrest and prosecute plaintiff. The only arguable fact plead in support of this claim, is the conclusory allegation that the other individual defendants intentionally withheld information regarding UC 39's alleged history of misconduct. However, these allegations are completely devoid of factual support. Not a single fact is pled from which it could be plausibly inferred that UC 39 indeed had a "lengthy history of deliberately lying under oath and misidentifying individuals." (FAC, Faddis Decl., Ex. A, ¶ 101). Accordingly, the purported fabrication of evidence claims against these defendants should be dismissed.

**POINT III**

**PLAINTIFF'S CLAIM FOR DENIAL OF THE
RIGHT TO A FAIR TRIAL SHOULD BE
DISMISSED**

The FAC also fails to state a claim for denial of the right to a fair trial, because it does not adequately allege the fabrication of evidence by the individual defendants or that plaintiff's criminal proceedings were terminated in his favor. To bring a fair trial claim based on fabrication of evidence, a plaintiff must plead that "an (1) investigating official (2) fabricates

information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." Bridgeforth v. City of New York, No. 16 Civ. 273 (WHP), 2018 U.S. Dist. LEXIS 108315, at *7 (S.D.N.Y. June 28, 2018).

A. Plaintiff Has Not Adequately Pled Favorable Termination.

As with a claim for malicious prosecution, a claim for denial of the right to a fair trial does not accrue until a plaintiff's prosecution has terminated in his favor. See McDonough v. Smith, 139 S. Ct. 2149, 2156 (2019); Miller v. Terillion, 436 F. Supp. 3d 598, 600 (E.D.N.Y. 2020); see also, e.g., Goldring v. Donawa, et al., No. 16-cv-5651, 2019 U.S. Dist. LEXIS 161170 (E.D.N.Y. Sept. 19, 2019) ("[P]laintiff has not received a favorable termination under Second Circuit case law and, therefore, cannot maintain a § 1983 action for an unfair trial."); Rosario v. City of N.Y., No. 18 Civ. 4023 (LGS), 2019 U.S. Dist. LEXIS 159771, at *17-18 (S.D.N.Y. Sept. 16, 2019) ("[T]he Supreme Court recently decided in McDonough...that fabrication of evidence claims under § 1983...arise not when the evidence is used against a defendant, but when the criminal proceedings have terminated in defendant's favor."); Breton v. City of New York, 17-cv-9247 (JGK), 2019 U.S. Dist. LEXIS 150407, at *27 n.2 (S.D.N.Y. Sep. 3, 2019) ("The Supreme Court recently held that a claim for the denial of a fair trial based on fabricated evidence does not accrue until the criminal proceedings terminate in favor of the plaintiff."); McKenzie v. City of N.Y., No. 17 Civ. 4899 (PAE), 2019 U.S. Dist. LEXIS 121937, at *46-47 (S.D.N.Y. July 22, 2019) ("Section 1983 claims for fabrication of evidence cannot be brought 'prior to favorable termination of [a plaintiff's prosecution.'") (quoting McDonough, 139 S. Ct. at 2156); but see, Simon v. City of N.Y., No. 16-CV-1017 (NGG) (RML), 2020 U.S. Dist. LEXIS 47919, at *3 (E.D.N.Y. Mar. 19, 2020) (holding interest of justice is not a favorable termination for malicious prosecution claim, but was favorable for a fair trial claim.)

Here, plaintiff's denial of the right to a fair trial claim is predicated on alleged fabrications of evidence regarding the sale of narcotics. (FAC, Faddis Decl., Ex. A, ¶ 2). Thus, for plaintiff's fair trial claim to proceed, plaintiff must plausibly allege favorable termination under the same standard articulated in <u>Lanning</u>, discussed *supra*. Because the Amended Complaint states only that the dismissal was in the interest of justice, plaintiff has not plausibly alleged that the termination of his criminal proceedings was favorable. Accordingly, plaintiff's denial of the right to a fair trial claim should be dismissed because his prosecution did not terminate in his favor.

B. <u>Plaintiff Has Not Plausibly Alleged a Fabrication Claim Against All Defendants.</u>

Additionally, plaintiff has failed to plausibly allege any claim for denial of the right to a fair trial against defendant UC 76. Plaintiff makes the bare allegation that UC 76 was aware of UC 39's allegedly fabricated testimony. However, plaintiff fails to allege any facts from which this could be plausibly inferred. Indeed, plaintiff repeatedly, explicitly alleges that the sole basis for his arrest and prosecution was the allegedly fabricated testimony of UC 39. (FAC, Faddis Decl., Ex. A, ¶¶ 2, 55-56). Accordingly, the purported fabrication of evidence claim against UC 76 should be dismissed.

### POINT IV

### PLAINTIFF'S CLAIM FOR FAILURE TO INTERVENE SHOULD BE DISMISSED

Plaintiff has not plausibly alleged that any defendant failed to intervene in the misconduct of another officer. Liability for failure to intervene attaches when, "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." <u>Jean-Laurent v. Wilkinson</u>, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citing <u>O'Neill v. Krzeminski</u>, 839 F.2d 9, 11-12 (2d Cir. 1988)). Moreover,

there can be no failure to intervene where there is no constitutional violation. See Feinberg v. City of N.Y., No. 99 Civ. 12127 (RCC), 2004 U.S. Dist. LEXIS 16098, at *4 (S.D.N.Y. Aug. 13, 2004) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). Plaintiff has not plausibly alleged facts to support this claim and it should be dismissed.

The FAC alleges that defendants UC 76, Kelly, Ortiz, Fernandez, Hairston, and Heredia failed "to intervene in the continued criminal proceedings against" plaintiff. (FAC, Faddis Decl., Ex. A, ¶ 107).[2] "However, plaintiff explicitly alleges that the information provided by UC 39 was the sole basis of his arrest and the involvement of other officers therein. (Id., ¶ 33). Plaintiff further alleges, with regard to his prosecution, that "[n]one of the NYPD Defendants intervened to prevent the false testimony by Defendant UC39 by alerting the prosecution, the defense, or the court to the false prosecutions and resultant civil cases in which they were named as defendants along with Defendant UC39 in which there were allegations the Defendant UC39 falsely identified the criminal defendant." (Id., ¶ 58). From these allegations alone it cannot be plausibly be inferred that any other officer was aware of or had an opportunity to intervene in any alleged misconduct by UC39. Without more than these "unadorned, the-defendant-unlawfully-harmed-me" accusations, this claim is insufficiently pled. See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. 544).

As plaintiff does not plead any facts that specifically demonstrate how any defendant personally failed to intervene in any purported constitutional violation this claim must be dismissed. This claim must also be dismissed because plaintiff has failed to plausibly allege either a claim for malicious prosecution or denial of the right to a fair trail. See supra.

---

[2] To the extent the FAC alleges that "[n]one of the officers intervened or took affirmative steps to prevent Mr. Spruill's false arrest," (FAC, Faddis Decl., Ex. A, ¶ 34) such allegations should be disregarded as plaintiff's time-barred false arrest claim has been withdrawn.

## POINT V

## PLAINTIFF'S CLAIM FOR MUNICIPAL LIABILITY SHOULD BE DISMISSED

Plaintiff's <u>Monell</u> claims must also be dismissed on various grounds. First, plaintiff has not plausibly pled an underlying constitutional violation. <u>See</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989).[3] A policy-based <u>Monell</u> claim must be based on a clearly established constitutional violation, which cannot be alleged here. <u>See</u> <u>5 Borough Pawn, LLC v. City of New York</u>, 640 F. Supp. 2d 268, 300 (S.D.N.Y. 2009). Additionally, plaintiff has not sufficiently alleged a municipal custom policy or practice which was the moving force behind any alleged constitutional deprivation. <u>See</u> <u>Bd. of the County Comm'rs v Brown</u>, 520 U.S. 397, 399 (1997). Plaintiff alleges two distinct bases for his <u>Monell</u> claim: 1) that the City, through the NYPD, failed to properly discipline, train, or retrain officers who fabricate evidence in buy and bust operations, arresting persons wrongfully apprehended following buy-and-bust operations; arrest innocent persons despite credible exculpatory evidence; and initiate criminal prosecution against innocent persons falsely arrested during buy-and-bust operations; and 2) that DANY had a policy of failure to timely and fully disclose material favorable to criminal defendants, improperly vouching for People's witnesses, and failing to train its employees with regard to the foregoing.

In order to hold a municipality liable as a "person" within the meaning of § 1983, a plaintiff must establish that the municipality itself was somehow at fault. <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 818, 828 (1985); <u>Monell v. Dept. of Soc. Svcs.</u>, 436 U.S. 658, 690-91 (1978). Thus, a plaintiff must prove that she suffered a violation of a federally protected right and that the violation was caused by either: (a) a written municipal policy; (b) a municipal custom or practice;

---

[3] To the extent plaintiff's <u>Monell</u> claims are based on a theory that a municipal custom or policy caused his false arrest, they are time-barred.

(c) the decision of a municipal policymaker with final policymaking author; or (d) the failure of the municipality to train its employees such that the failure rises to the level of deliberate indifference to the constitutional rights of others. <u>Monell</u>, 436 U.S. 658. A municipal liability claim against the City of New York must be dismissed when the allegations are "the very epitome of boilerplate," and do not identify any specific policies or practices, nor explain how any policy caused him to suffer the denial of a constitutional right. <u>Campbell v. Hanson</u>, No. 17 Civ. 1024 (ALC), 2018 U.S. Dist. LEXIS 111215 at *10 (S.D.N.Y. June 29, 2018); <u>see, e.g.</u>, <u>Fleming v. City of New York</u>, No. 18 Civ. 4866 (GBD), 2020 U.S. Dist. LEXIS 142414 at *16 (S.D.N.Y. July 23, 2020) (dismissing a <u>Monell</u> claim when the plaintiff made conclusory allegations "without citing to any materials, such as 'procedural manuals or training guides,' or pointing to 'particular aspects' of their 'training or supervision' that would support this conclusion") (quoting <u>Triano v. Town of Harrison</u>, 895 F. Supp. 2d 526, 540 (S.D.N.Y. 2012). The FAC provides only conclusory allegations that the City's failure to adequately train, discipline, and supervise its employees resulted in a violation of plaintiff's rights. Accordingly, as the FAC includes only threadbare allegations of municipal liability, it fails to adequately state a <u>Monell</u> claim against the City and must be dismissed.

Municipal liability, "is at its most tenuous where a claim turns on a failure to train." <u>Connick v. Thompson</u>, 563 U.S. 51, 61 (2011); <u>see</u> <u>Oklahoma City</u>, 471 U.S. at 822-23 ("[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in <u>Monell</u>"). Where, as here, liability is based on failure to train or supervise, a plaintiff must allege "deliberate indifference to the rights of persons with whom the police come into contact." <u>City of Canton</u>, 489 U.S. at 388; <u>Jenkins v. City of N.Y.</u>, 478 F3d 76, 94 (2d Cir. 2007). There are three elements to this type of <u>Monell</u> claim. Id. "First,

the plaintiff must show that a policymaker knows 'to a moral certainty' that her employees will confront a given situation." Id. (citing <u>Walker v. City of N.Y.</u>, 974 F.2d 293, 297 (2d Cir. 1992)). "'Second, the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation.'" <u>Id.</u> "'Finally, the plaintiff must show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights.'" <u>Id.</u> In addition to deliberate indifference, a plaintiff ultimately must identify "a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury,' such that it 'actually caused' the constitutional deprivation.'" <u>Amnesty Am. v. Town of W. Hartford</u>, 361 F.3d 113, 129 (2d Cir. 2004) (quoting <u>City of Canton</u>, 489 U.S. at 391). In other words, a plaintiff must demonstrate that the municipal employee's "'shortcomings… resulted from…a faulty training program' rather than from negligent implementation of a sound program or other, unrelated circumstances." <u>Id.</u> at 129-30 (quoting <u>City of Canton</u>, 489 U.S. at 390-91). "In limited circumstances, a local government's decision not to train [or supervise] [its] employees [with respect to] their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of [liability under] § 1983." <u>Greene v. City of N.Y.</u>, 742 F. App'x 532, 536 (2d Cir. 2018) (citing <u>Connick</u>, 563 U.S. at 61). "This generally requires a plaintiff to prove that the constitutional violation underlying his claim was preceded by '[a] pattern of similar constitutional violations.' When, as here, the claimed violation concerns the nondisclosure of evidence, the plaintiff must point to a pattern of prior violations concerning nondisclosure of the same sort of evidence." (<u>Greene</u>, 742 F. App'x at 536 (citing <u>Connick</u>, 563 U.S. at 62-64).

A. <u>Plaintiff Fails to State a Claim Based on Purported NYPD Policies.</u>

Plaintiff alleges that the NYPD policies claimed in the FAC are "reflected by the multiple acts of misconduct and illegality committed by Defendant UC39 and the other NYPD Defendants over a long period of time with retribution[.]" (FAC, Faddis Decl., Ex. A, 115). However, the only actual facts alleged in support of this claim are the existence of fifteen lawsuits naming UC 39 as a defendant. (FAC, Faddis Decl., Ex. A, ¶ 115). In the first instance, plaintiff does not include in this list the single matter in which UC 39 was found liable for fabrication of evidence, which is identified elsewhere in the FAC. <u>Garnett v. UC C0039</u>, No. 13 Civ. 7083 (GHW), 2015 U.S. Dist. LEXIS 45232, at *1 (S.D.N.Y. Apr. 6, 2015). In <u>Garnett</u>, a civil jury found UC 39 liable for the fabrication of evidence implicating plaintiff as the lookout in a drug transaction, but not liable for false arrest or malicious prosecution. <u>See</u>, <u>Garnett</u>, 2015 U.S. Dist. LEXIS 45232, at *6. Additionally, of these fifteen cases, only five contain specific allegations regarding UC 39. The remainder do not mention him outside of identifying him as a party, or refer to him only in group-pled, boilerplate allegations. Of note, all five of the cases setting forth specific allegations against UC 39 post-date the jury verdict in <u>Garnett</u>. That is, before the <u>Garnett</u> verdict, there had not been a single, specific, factual allegation against UC 39 set forth in any of the cases cited by plaintiff. Most importantly, all five of those cases were filed after plaintiff was convicted and sentenced in this matter.

Without more, the existence of these lawsuits is not sufficient to have put the City on notice that there was any pattern of misconduct by UC 39. Moreover, plaintiff fails to plausibly allege that this is the sort of misconduct which, if true, could be addressed by training. On that score, plaintiff does not even attempt to allege that any particular training deficiency could have caused this alleged pattern of misconduct. With regard to plaintiff's purported failure to discipline claim, the FAC sets forth no specific factual allegations that would plausibly support an inference

- 16 -

that NYPD had failed to take appropriate disciplinary steps with regard to the conduct alleged in the cited cases.

Accordingly, plaintiff's NYPD <u>Monell</u> claim should be dismissed.

B. <u>Plaintiff Fails to State a Claim Based on Purported DANY Policies.</u>

Plaintiff's claims for municipal liability based on the purported policies of DANY, including its alleged failure to train its employees regarding obligations under <u>Brady</u> are also insufficiently pled. <u>See</u> <u>Brady v. Maryland,</u> 373 U.S. 83 (1963). Plaintiff refers to 22 cases in which <u>Brady</u> material was allegedly improperly withheld, from 1983 to 2011. (FAC, Faddis Decl., Ex. A, p. 32). However, of the twenty-two cases listed by plaintiff, only nine deal with <u>Brady</u> violations—the majority concern <u>Rosario</u> issues. <u>See</u> <u>People v. Rosario</u>, 9 N.Y.2d 286 (1961). Moreover, of the nine cases that even deal with <u>Brady</u> issues, only three deal with the improper withholding of impeachment materials concerning allegations of unrelated misconduct by officer witnesses—dating from 1993, 1995, and 2006. Importantly, not a single case concerns the improper withholding of materials pertaining to civil lawsuits against officer witnesses. Because plaintiff has failed to plausibly allege a "pattern of prior violations concerning nondisclosure of the same sort of evidence" plaintiff's DANY <u>Monell</u> claims should be dismissed. <u>See</u> <u>Greene</u>, 742 F. App'x at 536.

Plaintiff also fails to sufficiently allege that DANY was deliberately indifferent to improper, widespread witness vouching by prosecutors. First, plaintiff cites to only sixteen cases over a 28-year period as evidence of this alleged policy. Only ten of those included any finding of witness vouching. All those ten found improper vouching among other prosecutorial or judicial errors warranting post-conviction relief. Indeed, one case went so far as to deem the vouching "within the range of acceptability," while still reversing the conviction. <u>See</u> <u>People v. Tolbert</u>, 198 A.D.2d 132, 119 (1st Dep't 1993). Again, plaintiff has failed to identify any training deficiency

which could plausibly be the cause of this behavior, or that any particular change in training or supervision would affect it.

For all of the foregoing reasons, plaintiff's DANY <u>Monell</u> claims must be dismissed.

## **<u>CONCLUSION</u>**

For all of the foregoing reasons, the Court should dismiss the First Amended Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:      New York, New York
           June 21, 2021

GEORGIA M. PESTANA
Acting Corporation Counsel of the City of New York
*Attorney for Defendant the City of New York*
100 Church St.
New York, NY 10007

Respectfully submitted,

/s                      
Hannah V. Faddis
*Senior Counsel*
Special Federal Litigation Division

cc:    **<u>VIA ECF ONLY</u>**
      *All Counsel of Record*