NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK

------------------------------------------------------------ X

JEREMIAH SPRUILL,

                                 Plaintiff,

          -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT UDERCOVER OFFICER C0039, NEW
YORK CITY POLICE DEPARTMENT; UNDERCOVER
OFFICER C0076, NEW YORK CITY POLICE
DEPARTMENT DETECTIVE OSCAR FERNANDEZ, NEW
YORK CITY POLICE DEPARTMENT DETECTIVE JAMEL
HAIRSON (Shield No. 303), NEW YORK CITY POLICE
DEPARTMENT DETECTIVE CHRISTOPHER HEREDIA
(Shield No. 1339), and JOHN and/or JANE DOES 1, 2, 3, etc.
(who are members of the New York City Police Department,
but whose identities are unknown at this time),

                                 Defendants.

------------------------------------------------------------ X

**SUMMONS**

Index No.:
Date Purchased:

Plaintiff designated New
York County as the place of
trial.

The basis of venue is location
of events giving rise to
claims.

Plaintiff resides in New York
County.

To the above-named defendants:

       You are hereby summoned to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiffs' attorney within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after service of this summons if not personally
delivered to you within the State of New York); and in the case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, NY
       April 11, 2019

                           BELDOCK LEVINE & HOFFMAN LLP
                           99 Park Avenue, PH/26 Floor
                           New York, New York 10016
                           (212) 490-0400

                       By: _____
                          Keith Szczepanski

                       *Attorneys for Plaintiff Donhue Henry*

2019 APR 19 P 12:04

CITY OF NEW YORK
POLICE DEPARTMENT

1

Defendants' addresses:

THE CITY OF NEW YORK
New York City Law Department
100 Church Street
New York, NY 10007

NYPD Undercover Officer C0039
New York City Police Department
One Police Plaza
New York, NY 10007

NYPD Undercover Officer C0076
New York City Police Department
One Police Plaza
New York, NY 10007

NYPD Detective Oscar Fernandez
New York City Police Department
One Police Plaza
New York, NY 10007

NYPD Detective Jamel Hairson (Shield No. 303)
New York City Police Department
One Police Plaza
New York, NY 10007

NYPD Detective Christopher Heredia (Shield No. 1339)
New York City Police Department
One Police Plaza
New York, NY 10007

2

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK

-------------------------------------------------------------------------- X

JEREMIAH SPRUILL,

                           Plaintiff,

     - against -

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT UDERCOVER OFFICER C0039, NEW YORK
CITY POLICE DEPARTMENT, UNDERCOVER OFFICER
C0076, NEW YORK CITY POLICE DEPARTMENT DETECTIVE
OSCAR FERNANDEZ, NEW YORK CITY POLICE
DEPARTMENT DETECTIVE JAMEL HAIRSON (Shield No.
303), NEW YORK CITY POLICE DEPARTMENT DETECTIVE
CHRISTOPHER HEREDIA (Shield No. 1339), and JOHN and/or
JANE DOES 1, 2, 3, etc. (who are members of the New York City
Police Department, but whose identities are unknown at this time),

                          Defendants.

-------------------------------------------------------------------------- X

**VERIFIED
COMPLAINT**

**JURY TRIAL
DEMANDED**

Index No.:

Plaintiff JEREMIAH SPRUILL, by his attorneys, Beldock Levine & Hoffman LLP, as

and for his complaint against the Defendants alleges as follows:

## JURISDICTION

1.     Plaintiff brings this is civil rights action under New York State law, seeking to

recover for injuries caused by the denial of his constitutional and legal rights and his resulting

wrongful conviction and loss of liberty.

2.     The amount of damages sought exceeds the jurisdiction of all lower courts which

would otherwise have jurisdiction

## VENUE

3.     Venue is proper in New York County pursuant to C.P.L.R. § 504, as this is an action

against the City of New York and its officers, and New York County is where the cause of action

arose.

## JURY DEMAND

4.  Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## PARTIES

5.  Plaintiff JEREMIAH SPRUILL is an African-American citizen of the United States and a resident of the State of New York. At all times relevant to this complaint, plaintiff resided in New York County, in the State of New York.

6.  Defendant CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

7.  The City is authorized by law to maintain a police department, and does maintain the NEW YORK CITY POLICE DEPARTMENT ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

8.  Defendants UC39, UC76, FERNANDEZ, HAIRSTON, HEREDIA, and NYPD Officers "JOHN and/or JANE DOES" 1, 2, 3, etc. are NYPD Officials who unlawfully detained plaintiff without any suspicion of illegal activity lodged false criminal charges against him, forwarded fabricated evidence to the prosecutor's office, and maliciously prosecuted him.

9.  Upon information and belief, defendants UC39, UC76, FERNANDEZ, HAIRSTON, HEREDIA, and DOES are still New York City Police Department Officers.

10.  At all times relevant herein, defendants UC39, UC76, FERNANDEZ, HAIRSTON, HEREDIA, and DOES have acted within the scope of their duties and/or functions as agents, employees, and/or officers of the City and/or the NYPD and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

2

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW §50-h

11.     Plaintiff served a timely Notice of Claim upon the City of New York within the requisite time period.

12.     More than thirty days have elapsed since plaintiff served his Notice of Claim and the City has not offered adjustment or payment of his claim.

## STATEMENT OF FACTS

13.     Plaintiff is a lifelong New York City resident.

14.     In March 2014, plaintiff was on work release and employed at Fresh and Co. and his wife was seven weeks pregnant with their third child.

15.     On March 12, 2014, plaintiff was on his way to work, when, without reasonable suspicion that he was or had been engaged in criminal activity, NYPD Officers Fernandez, Hairston, and Heredia unlawfully stopped and arrested him.

16.     Upon information and belief,[1] NYPD officers, including Officers Fernandez, Hairston, Heredia. UC39, and UC76, who are members of the Manhattan North drug squad, were involved in a buy-and-bust operation near the area before plaintiff's unlawful arrest.

17.     Upon information and belief, plaintiff was stopped because he matched the vague description UC39 sent over the radio of a man whom he had engaged with in a drug sale.

18.     Upon information and belief, UC39 and UC76 had engaged in a drug sale with an African-American male, using pre-recorded buy money. Officers Fernandez, Hairston, and Heredia. who were directed to arrest plaintiff, illegally searched plaintiff's person, and did not find

---

[1]     Claimant alleges facts upon information and belief because he learned of these facts during his trial and during his C.P.L. 410.10 application.

3

pre-recorded buy money nor contraband. They only recovered the $3 plaintiff was carrying on him at the time.

19.     Upon information and belief, Officers Fernandez, Hairston, and Heredia knew that UC39's identification of plaintiff was false, and that they lacked probable cause, but arrested him anyway.

**Plaintiff's Unjust Conviction**

20.     Following plaintiff's arrest, he was taken to the 23rd Precinct, where Officer Fernandez signed a criminal complaint, knowingly relying on defendant UC39's false testimony, charging plaintiff with criminal sale of a controlled substance.

21.     UC39 and UC76 prepared false police reports entitled "Buy Report/Complaint Follow-Up Information," regarding their operation that day and plaintiff's arrest.

22.     Plaintiff pleaded not guilty in New York County Criminal Court on or about March 13, 2014.

23.     Plaintiff was unable to post bail and was held on Rikers Island as he awaited grand jury proceedings.

24.     On March 28, 2014, a grand jury was convened and, upon information and belief, UC39 falsely testified that he had purchased crack-cocaine from plaintiff.

25.     Based on UC39 and Officer Fernandez's false testimony, the grand jury charged plaintiff with two counts of the class B felony criminal sale of a controlled substance in the third degree, in violation of New York Penal Law §220.39(1).

26.     Prior to plaintiff's trial, a hearing was held and the Court suppressed UC39's testimony regarding the description of plaintiff because of its incredible nature.

4

27.     In light of his suppressed testimony, UC39 testified at a subsequent hearing that he had actually seen plaintiff twice after the alleged drug sale occurred and had directed UC76 via radio to follow plaintiff after the first identification. This was patently false.

28.     At plaintiff's criminal trial in New York County Supreme Court, the prosecution's case rested entirely on UC39's false testimony.

29.     By the time of plaintiff's 's criminal trial, UC39 had ten civil rights suits against him, all alleging false identifications and false reports to prosecutors, resulting in the dismissal of the underlying criminal charges.

30.     Upon information and belief, the prosecution in plaintiff's case knew of the ten civil lawsuits against defendant UC39 but did not disclose this information to claimant's defense counsel.

31.     Of those ten civil rights suits, plaintiff's defense counsel knew of only one, *Garnett v. City of New York, et al.*, 1:13-cv-07083 (S.D.N.Y. Oct. 4, 2013), *aff'd Garnett v. Undercover, C00039*, 838 F.3d 265 (2d Cir. 2016), wherein a federal jury had just returned a verdict against the City of New York and UC39, for his denial of the claimant's right to a fair trial because of his false testimony.

32.     Upon information and belief, prior to plaintiff's trial, the New York County District Attorney's Office had voluntarily dismissed at least five cases in which UC39 was the sole witness in a buy and bust operation because his testimony was incredible.

33.     One of those recommendation letters of dismissal, which was submitted just one month before plaintiff's criminal trial, implicated both UC39 and UC76 for their incredible testimonies.

34.     Upon information and belief, the Assistant District Attorney prosecuting plaintiff's case knew about the cases that were voluntarily dismissed involving UC39, and the office's internal investigation regarding UC39's other cases, but did not disclose this information to claimant's defense counsel.

35.     On December 2, 2014, plaintiff was convicted of two counts of criminal sale of a controlled substance in the third degree.

36.     On March 2, 2015, plaintiff was sentenced to an aggregate term of six years imprisonment and three years of post-conviction supervision.

### Plaintiff's Unjust Incarceration

37.     Prior to trial, plaintiff was housed in the Brooklyn Correctional Facility ("BCF") for approximately eight months. The facility had frequent lockdowns, unsanitary conditions, and poor ventilation. Plaintiff once had to defend himself from another incarcerated person who assaulted him.

38.     During trial, claimant was detained at Manhattan Detention Center ("MDC") for approximate one month. At MDC, he witnessed numerous fights and slashings.

39.     Following trial, on or about March 12, 2015, plaintiff was sent to Ulster Correctional Facility or five days. There, he went through orientation and was reclassified to a maximum security facility based on the false arrest and charges making him in violation of his work release.

40.     On or about March 17, 2015, plaintiff was sent to Downstate Correctional Facility, a maximum security prison, and spent about a week-and-a-half in the general population. Plaintiff had never been incarcerated in a maximum security prison before.

41.     Following Downstate Correctional Facility, plaintiff was sent to Clinton Correctional Facility, a maximum security prison where he spent approximately one year.

42.     Plaintiff was incarcerated at Clinton Correctional Facility during the escape of Richard Matt and David Sweat in June 2015 and was kept in lockdown for nearly one month. For twenty-eight days, twenty-four hours per day, plaintiff was locked in his cell without phone calls, mail, commissary, and only one shower per week. The only face he saw was that of the correctional officer bringing him meals. During the lockdown, plaintiff experienced heightened stress and depression because he did not know when his time on lockdown would end.

43.     Throughout his time at Clinton, plaintiff endured abusive and racial charged language from corrections officers, who plaintiff found were also more aggressive than the medium security facilities. He witnessed countless acts of violence between incarcerated people. The threat to plaintiff's personal safety was constant.

44.     Following Clinton Correctional Facility, plaintiff was sent to Bare Hill Correctional Facility where he was incarcerated for approximately eighteen months.

45.     At the end of April or early May 2017, plaintiff was sent to Queensboro Correctional Facility, where he spent the remainder of his incarceration until he was released on bail, pending his C.P.L. §440.10 application.

***Plaintiff's Motion to Vacate the Conviction***

46.     On November 20, 2017, plaintiff moved under C.P.L. §440.10(1)(g) to vacate his conviction based on the newly discovered evidence of UC39's extensive history of misconduct.

47.     The People consented to plaintiff's motion and filed their own letter recommending dismissal of the indictment.

48.     The People's consent letter acknowledged that ADA Rahn's summation emphasized that UC39 was a reliable and credible witness.

49.     On January 18, 2018, approximately 41 months after plaintiff's wrongful arrest, conviction, and imprisonment, the New York County Supreme Court vacated claimant's conviction and dismissed the indictment.

### FIRST CAUSE OF ACTION
**Violations of the New York State Constitution**
*Against All Defendants*

50.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 11, and 12, and including the following rights:

a. freedom from unreasonable search and seizure of his person and property;

b. freedom from arrest without probable cause;

c. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

d. freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants;

e. freedom from the denial of a fair trial by the presentation of fabricated evidence; and

f. freedom from deprivation of liberty without due process of law.

51.     As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiff suffered the injuries and damages set forth above.

### SECOND CAUSE OF ACTION

8

### Negligence
*Against UC39, Fernandez, Hairston, Heredia, and UC76*

52.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

53.     Defendants UC39, Fernandez, Hairston, Heredia, and UC76 owed plaintiff a duty of care, including the duty to exercise due care in the course of their duties as NYPD officers and the duty to protect citizens from the intentional misconduct of other NYPD officers.

54.     Defendants UC39, Fernandez, Hairston, Heredia, and UC76 through the foregoing acts, negligently failed to use due care in the performance of their duties in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

55.     All of these acts were performed without any negligence on the part of plaintiff and were the proximate cause of the injuries to plaintiff.

### THIRD CAUSE OF ACTION
### Intentional, Reckless, or Negligent Infliction of Emotional Distress
*Against UC39, Fernandez, Hairston, Heredia, and UC76*

56.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein. As police officers acting in the performance of their duties, defendants UC39, Fernandez, Hairston, Heredia, and UC76 owed plaintiff a duty of care.

57.     Defendants UC39, Fernandez, Hairston, Heredia, and UC76 breached that duty of care by making or intentionally relying on allegations by witnesses that these defendants knew or should have known were false; committing perjury under oath that caused serious injury to the plaintiff; fabricating evidence; actively suppressing or deliberately withholding material exculpatory evidence; and otherwise acting to deny plaintiff his constitutional rights.

9

58.     The foregoing acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

### FOURTH CAUSE OF ACTION
**Assault and Battery**
*Against UC39, Fernandez, Hairston, Heredia, and UC76*

59.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

60.     Defendants UC39, Fernandez, Hairston, Heredia, and UC76, without just cause or consent, wilfully and maliciously used harmful and/or offensive physical force against plaintiff to arrest him causing injury.

61.     Defendants UC39, Fernandez, Hairston, Heredia, and UC76 committed the foregoing acts intentionally, wilfully, and with malicious disregard for Plaintiff's rights, and are therefore liable for punitive damages.

### FIFTH CAUSE OF ACTION
**False Arrest and False Imprisonment**
*Against UC39, Fernandez, Hairston, Heredia, and UC76*

62.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

63.     Defendants UC39, Fernandez, Hairston, Heredia, and UC76 through the foregoing acts, caused plaintiff to be wrongfully detained without good faith, reasonable suspicion, legal justification, or privilege, and of which detention plaintiff was aware and to which he did not consent.

10

64.     Defendants UC39, Fernandez, Hairston, Heredia, and UC76 committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
### Negligent Training, Supervision, and Discipline
*Against City of New York*

65.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

66.     The City of New York, intentionally, recklessly, negligently, and/or with deliberate indifference failed to adequately train, supervise, and discipline agents and employees of the NYPD.

67.     The City of New York's inadequate training, supervision, and discipline proximately caused the misconduct described above and Mr. Spruill's wrongful conviction and resulting damages.

## SEVENTH CAUSE OF ACTION
### *Respondeat Superior*
*Against City of New York*

68.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein

69.     The individual defendants, were, at all times relevant to this Count, employees and agents of either the City of New York, or the New York County District Attorney's Office. Each of those defendants and persons was acting within the scope of his or her employment, and their acts and omissions, as alleged above, are therefore directly chargeable to the City of New York under the state law doctrine of *respondeat superior*.

11

## DEMAND FOR RELIEF

**WHEREFORE**, plaintiff demands the following relief against the defendants, jointly and severally:

(a)   compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b)   punitive damages to the extent allowable by law;

(c)   attorneys' fees;

(d)   the costs and disbursements of this action;

(e)   interest;

(f)   such other and further relief as the Court deems just and proper.

Dated:   April 10, 2019
         New York, New York

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26th Fl.
New York, New York 10016
(212) 490-0400

Keith Szczepanski

*Attorneys for Plaintiff Jeremiah Spruill[2]*

---

[2] We acknowledge and appreciate the hard work of legal fellow Marc Arena in researching and drafting this Complaint.

## VERIFICATION

STATE OF NEW YORK   )
                          :
COUNTY OF NEW YORK )

JEREMIAH SPRUILL, being duly sworn, deposes and says that he is the plaintiff in the within action; that he has read the foregoing complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

JEREMIAH SPRUILL

Sworn to before me this
10th day of April, 2019

Notary Public

KEITH MICHAEL SZCZEPANSKI
Notary Public, State of New York
No. 02SZ6325315
Qualified in Kings County
Commission Expires May 26, 2019

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** New York
-------------------------------------------------------------x
Jeremiah Spruill

                         Plaintiff/Petitioner,

         - against -                              Index No.153749/2019

The City of New York, et al
                         Defendant/Respondent.
-------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

  1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

  2) You are a Defendant/Respondent (a party) in this case.

- **<u>If you are represented by an attorney</u>:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **<u>If you are not represented by an attorney</u>:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  <u>I</u>f you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The benefits of participating in e-filing include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: <u>www.nycourts.gov/efile-unrepresented</u> or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at <u>www.nycourts.gov</u>

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
## (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: April 18, 2019

Keith Szczepanski
Name

99 Park Avenue, PH/26th Floor
Address

Beldock Levine & Hoffman LLP
Firm Name

New York, New York 10016

212-490-0400
Phone

kszczepanski@blhny.com
E-Mail

To:   Detective Jamel Hairson

One Police Plaza

New York, New York 10007

6/6/18

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK

-------------------------------------------------------------- X

JEREMIAH SPRUILL,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT UDERCOVER OFFICER C0039, NEW
YORK CITY POLICE DEPARTMENT; UNDERCOVER
OFFICER C0076, NEW YORK CITY POLICE
DEPARTMENT DETECTIVE OSCAR FERNANDEZ, NEW
YORK CITY POLICE DEPARTMENT DETECTIVE JAMEL
HAIRSON (Shield No. 303), NEW YORK CITY POLICE
DEPARTMENT DETECTIVE CHRISTOPHER HEREDIA
(Shield No. 1339), and JOHN and/or JANE DOES 1, 2, 3, etc.
(who are members of the New York City Police Department,
but whose identities are unknown at this time),

Defendants.

-------------------------------------------------------------- X

**SUMMONS**

Index No.:
Date Purchased:

Plaintiff designated New
York County as the place of
trial.

The basis of venue is location
of events giving rise to
claims.

Plaintiff resides in New York
County.

To the above-named defendants:

You are hereby summoned to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiffs' attorney within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after service of this summons if not personally
delivered to you within the State of New York); and in the case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, NY
April 11, 2019

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26 Floor
New York, New York 10016
(212) 490-0400

By: _____
Keith Szczepanski

*Attorneys for Plaintiff Donhue Henry*

1

Defendants' addresses:

THE CITY OF NEW YORK
New York City Law Department
100 Church Street
New York, NY 10007

NYPD Undercover Officer C0039
New York City Police Department
One Police Plaza
New York, NY 10007

NYPD Undercover Officer C0076
New York City Police Department
One Police Plaza
New York, NY 10007

NYPD Detective Oscar Fernandez
New York City Police Department
One Police Plaza
New York, NY 10007

NYPD Detective Jamel Hairson (Shield No. 303)
New York City Police Department
One Police Plaza
New York, NY 10007

NYPD Detective Christopher Heredia (Shield No. 1339)
New York City Police Department
One Police Plaza
New York, NY 10007

**NEW YORK STATE SUPREME COURT**
**COUNTY OF NEW YORK**

---------------------------------------------------------------- X

JEREMIAH SPRUILL,

                            Plaintiff,

       -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT UDERCOVER OFFICER C0039, NEW
YORK CITY POLICE DEPARTMENT; UNDERCOVER
OFFICER C0076, NEW YORK CITY POLICE
DEPARTMENT DETECTIVE OSCAR FERNANDEZ, NEW
YORK CITY POLICE DEPARTMENT DETECTIVE JAMEL
HAIRSON (Shield No. 303), NEW YORK CITY POLICE
DEPARTMENT DETECTIVE CHRISTOPHER HEREDIA
(Shield No. 1339), and JOHN and/or JANE DOES 1, 2, 3, etc.
(who are members of the New York City Police Department,
but whose identities are unknown at this time),

                            Defendants.

---------------------------------------------------------------- X

**SUMMONS**

Index No.:
Date Purchased:

Plaintiff designated New
York County as the place of
trial.

The basis of venue is location
of events giving rise to
claims.

Plaintiff resides in New York
County.

To the above-named defendants:

      You are hereby summoned to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiffs' attorney within **20** days after the service of this summons,
exclusive of the day of service (or within **30** days after service of this summons if not personally
delivered to you within the State of New York); and in the case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, NY
        April 11, 2019

                             BELDOCK LEVINE & HOFFMAN LLP
                             99 Park Avenue, PH/26 Floor
                             New York, New York 10016
                             (212) 490-0400

                     By:                                              
                        Keith Szczepanski

                        *Attorneys for Plaintiff Donhue Henry*

1

Defendants' addresses:

THE CITY OF NEW YORK
New York City Law Department
100 Church Street
New York, NY 10007

NYPD Undercover Officer C0039
New York City Police Department
One Police Plaza
New York, NY 10007

NYPD Undercover Officer C0076
New York City Police Department
One Police Plaza
New York, NY 10007

NYPD Detective Oscar Fernandez
New York City Police Department
One Police Plaza
New York, NY 10007

NYPD Detective Jamel Hairson (Shield No. 303)
New York City Police Department
One Police Plaza
New York, NY 10007

NYPD Detective Christopher Heredia (Shield No. 1339)
New York City Police Department
One Police Plaza
New York, NY 10007

**NEW YORK STATE SUPREME COURT**
**COUNTY OF NEW YORK**

-----------------------------------------------------------------------X

JEREMIAH SPRUILL,

                         Plaintiff,

    - against -

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT UDERCOVER OFFICER C0039, NEW YORK
CITY POLICE DEPARTMENT, UNDERCOVER OFFICER
C0076, NEW YORK CITY POLICE DEPARTMENT DETECTIVE
OSCAR FERNANDEZ, NEW YORK CITY POLICE
DEPARTMENT DETECTIVE JAMEL HAIRSON (Shield No.
303), NEW YORK CITY POLICE DEPARTMENT DETECTIVE
CHRISTOPHER HEREDIA (Shield No. 1339), and JOHN and/or
JANE DOES 1, 2, 3, etc. (who are members of the New York City
Police Department, but whose identities are unknown at this time),

                         Defendants.

----------------------------------------------------------------------X

**VERIFIED**
**COMPLAINT**

**JURY TRIAL**
**DEMANDED**

Index No.:

        Plaintiff JEREMIAH SPRUILL, by his attorneys, Beldock Levine & Hoffman LLP, as

and for his complaint against the Defendants alleges as follows:

### JURISDICTION

        1.      Plaintiff brings this is civil rights action under New York State law, seeking to

recover for injuries caused by the denial of his constitutional and legal rights and his resulting

wrongful conviction and loss of liberty.

        2.      The amount of damages sought exceeds the jurisdiction of all lower courts which

would otherwise have jurisdiction

### VENUE

        3.      Venue is proper in New York County pursuant to C.P.L.R. § 504, as this is an action

against the City of New York and its officers, and New York County is where the cause of action

arose.

### JURY DEMAND

4.      Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

### PARTIES

5.      Plaintiff JEREMIAH SPRUILL is an African-American citizen of the United States and a resident of the State of New York. At all times relevant to this complaint, plaintiff resided in New York County, in the State of New York.

6.      Defendant CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

7.      The City is authorized by law to maintain a police department, and does maintain the NEW YORK CITY POLICE DEPARTMENT ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

8.      Defendants UC39, UC76, FERNANDEZ, HAIRSTON, HEREDIA, and NYPD Officers "JOHN and/or JANE DOES" 1, 2, 3, etc. are NYPD Officials who unlawfully detained plaintiff without any suspicion of illegal activity lodged false criminal charges against him, forwarded fabricated evidence to the prosecutor's office, and maliciously prosecuted him.

9.      Upon information and belief, defendants UC39, UC76, FERNANDEZ, HAIRSTON, HEREDIA, and DOES are still New York City Police Department Officers.

10.     At all times relevant herein, defendants UC39, UC76, FERNANDEZ, HAIRSTON, HEREDIA, and DOES have acted within the scope of their duties and/or functions as agents, employees, and/or officers of the City and/or the NYPD and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

RECEIVED NYSCEF: 04/11/2019

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW §50-h

11.     Plaintiff served a timely Notice of Claim upon the City of New York within the requisite time period.

12.     More than thirty days have elapsed since plaintiff served his Notice of Claim and the City has not offered adjustment or payment of his claim.

## STATEMENT OF FACTS

13.     Plaintiff is a lifelong New York City resident.

14.     In March 2014, plaintiff was on work release and employed at Fresh and Co. and his wife was seven weeks pregnant with their third child.

15.     On March 12, 2014, plaintiff was on his way to work, when, without reasonable suspicion that he was or had been engaged in criminal activity, NYPD Officers Fernandez, Hairston, and Heredia unlawfully stopped and arrested him.

16.     Upon information and belief,[1] NYPD officers, including Officers Fernandez, Hairston, Heredia, UC39, and UC76, who are members of the Manhattan North drug squad, were involved in a buy and bust operation near the area before plaintiff's unlawful arrest.

17.     Upon information and belief, plaintiff was stopped because he matched the vague description UC39 sent over the radio of a man whom he had engaged with in a drug sale.

18.     Upon information and belief, UC39 and UC76 had engaged in a drug sale with an African-American male, using pre-recorded buy money. Officers Fernandez, Hairston, and Heredia, who were directed to arrest plaintiff, illegally searched plaintiff's person, and did not find

---

[1]     Claimant alleges facts upon information and belief because he learned of these facts during his trial and during his C.P.L. 410.10 application.

3

pre-recorded buy money nor contraband. They only recovered the $3 plaintiff was carrying on him at the time.

19.     Upon information and belief, Officers Fernandez, Hairston, and Heredia knew that UC39's identification of plaintiff was false, and that they lacked probable cause, but arrested him anyway.

***Plaintiff's Unjust Conviction***

20.     Following plaintiff's arrest, he was taken to the 23rd Precinct, where Officer Fernandez signed a criminal complaint, knowingly relying on defendant UC39's false testimony, charging plaintiff with criminal sale of a controlled substance.

21.     UC39 and UC76 prepared false police reports entitled "Buy Report/Complaint Follow-Up Information," regarding their operation that day and plaintiff's arrest.

22.     Plaintiff pleaded not guilty in New York County Criminal Court on or about March 13, 2014.

23.     Plaintiff was unable to post bail and was held on Rikers Island as he awaited grand jury proceedings.

24.     On March 28, 2014, a grand jury was convened and, upon information and belief, UC39 falsely testified that he had purchased crack-cocaine from plaintiff.

25.     Based on UC39 and Officer Fernandez's false testimony, the grand jury charged plaintiff with two counts of the class B felony criminal sale of a controlled substance in the third degree, in violation of New York Penal Law §220.39(1).

26.     Prior to plaintiff's trial, a hearing was held and the Court suppressed UC39's testimony regarding the description of plaintiff because of its incredible nature.

RECEIVED NYSCEF: 04/11/2019

27. In light of his suppressed testimony, UC39 testified at a subsequent hearing that he had actually seen plaintiff twice after the alleged drug sale occurred and had directed UC76 via radio to follow plaintiff after the first identification. This was patently false.

28. At plaintiff's criminal trial in New York County Supreme Court, the prosecution's case rested entirely on UC39's false testimony.

29. By the time of plaintiff's 's criminal trial, UC39 had ten civil rights suits against him, all alleging false identifications and false reports to prosecutors, resulting in the dismissal of the underlying criminal charges.

30. Upon information and belief, the prosecution in plaintiff's case knew of the ten civil lawsuits against defendant UC39 but did not disclose this information to claimant's defense counsel.

31. Of those ten civil rights suits, plaintiff's defense counsel knew of only one, *Garnett v. City of New York, et al.*, 1:13-cv-07083 (S.D.N.Y. Oct. 4, 2013), *aff'd Garnett v. Undercover, C00039*, 838 F.3d 265 (2d Cir. 2016), wherein a federal jury had just returned a verdict against the City of New York and UC39, for his denial of the claimant's right to a fair trial because of his false testimony.

32. Upon information and belief, prior to plaintiff's trial, the New York County District Attorney's Office had voluntarily dismissed at least five cases in which UC39 was the sole witness in a buy and bust operation because his testimony was incredible.

33. One of those recommendation letters of dismissal, which was submitted just one month before plaintiff's criminal trial, implicated both UC39 and UC76 for their incredible testimonies.

RECEIVED NYSCEF: 04/11/2019

34.     Upon information and belief, the Assistant District Attorney prosecuting plaintiff's case knew about the cases that were voluntarily dismissed involving UC39, and the office's internal investigation regarding UC39's other cases, but did not disclose this information to claimant's defense counsel.

35.     On December 2, 2014, plaintiff was convicted of two counts of criminal sale of a controlled substance in the third degree.

36.     On March 2, 2015, plaintiff was sentenced to an aggregate term of six years imprisonment and three years of post-conviction supervision.

***Plaintiff's Unjust Incarceration***

37.     Prior to trial, plaintiff was housed in the Brooklyn Correctional Facility ("BCF") for approximately eight months. The facility had frequent lockdowns, unsanitary conditions, and poor ventilation. Plaintiff once had to defend himself from another incarcerated person who assaulted him.

38.     During trial, claimant was detained at Manhattan Detention Center ("MDC") for approximate one month. At MDC, he witnessed numerous fights and slashings.

39.     Following trial, on or about March 12, 2015, plaintiff was sent to Ulster Correctional Facility or five days. There, he went through orientation and was reclassified to a maximum security facility based on the false arrest and charges making him in violation of his work release.

40.     On or about March 17, 2015, plaintiff was sent to Downstate Correctional Facility, a maximum security prison, and spent about a week-and-a-half in the general population. Plaintiff had never been incarcerated in a maximum security prison before.

41. Following Downstate Correctional Facility, plaintiff was sent to Clinton Correctional Facility, a maximum security prison where he spent approximately one year.

42. Plaintiff was incarcerated at Clinton Correctional Facility during the escape of Richard Matt and David Sweat in June 2015 and was kept in lockdown for nearly one month. For twenty-eight days, twenty-four hours per day, plaintiff was locked in his cell without phone calls, mail, commissary, and only one shower per week. The only face he saw was that of the correctional officer bringing him meals. During the lockdown, plaintiff experienced heightened stress and depression because he did not know when his time on lockdown would end.

43. Throughout his time at Clinton, plaintiff endured abusive and racial charged language from corrections officers, who plaintiff found were also more aggressive than the medium security facilities. He witnessed countless acts of violence between incarcerated people. The threat to plaintiff's personal safety was constant.

44. Following Clinton Correctional Facility, plaintiff was sent to Bare Hill Correctional Facility where he was incarcerated for approximately eighteen months.

45. At the end of April or early May 2017, plaintiff was sent to Queensboro Correctional Facility, where he spent the remainder of his incarceration until he was released on bail, pending his C.P.L. §440.10 application.

**Plaintiff's Motion to Vacate the Conviction**

46. On November 20, 2017, plaintiff moved under C.P.L. §440.10(1)(g) to vacate his conviction based on the newly discovered evidence of UC39's extensive history of misconduct.

47. The People consented to plaintiff's motion and filed their own letter recommending dismissal of the indictment.

RECEIVED NYSCEF: 04/11/2019

48.     The People's consent letter acknowledged that ADA Rahn's summation emphasized that UC39 was a reliable and credible witness.

49.     On January 18, 2018, approximately 41 months after plaintiff's wrongful arrest, conviction, and imprisonment, the New York County Supreme Court vacated claimant's conviction and dismissed the indictment.

### FIRST CAUSE OF ACTION
### Violations of the New York State Constitution
*Against All Defendants*

50.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 11, and 12, and including the following rights:

   a.   freedom from unreasonable search and seizure of his person and property;

   b.   freedom from arrest without probable cause;

   c.   freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

   d.   freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants;

   e.   freedom from the denial of a fair trial by the presentation of fabricated evidence; and

   f.   freedom from deprivation of liberty without due process of law.

51.     As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiff suffered the injuries and damages set forth above.

### SECOND CAUSE OF ACTION

### Negligence
*Against UC39, Fernandez, Hairston, Heredia, and UC76*

52.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

53.     Defendants UC39, Fernandez, Hairston, Heredia, and UC76 owed plaintiff a duty of care, including the duty to exercise due care in the course of their duties as NYPD officers and the duty to protect citizens from the intentional misconduct of other NYPD officers.

54.     Defendants UC39, Fernandez, Hairston, Heredia, and UC76 through the foregoing acts, negligently failed to use due care in the performance of their duties in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

55.     All of these acts were performed without any negligence on the part of plaintiff and were the proximate cause of the injuries to plaintiff.

### THIRD CAUSE OF ACTION
### Intentional, Reckless, or Negligent Infliction of Emotional Distress
*Against UC39, Fernandez, Hairston, Heredia, and UC76*

56.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein. As police officers acting in the performance of their duties, defendants UC39, Fernandez, Hairston, Heredia, and UC76 owed plaintiff a duty of care.

57.     Defendants UC39, Fernandez, Hairston, Heredia, and UC76 breached that duty of care by making or intentionally relying on allegations by witnesses that these defendants knew or should have known were false; committing perjury under oath that caused serious injury to the plaintiff; fabricating evidence; actively suppressing or deliberately withholding material exculpatory evidence; and otherwise acting to deny plaintiff his constitutional rights.

9

58.     The foregoing acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

## FOURTH CAUSE OF ACTION
### Assault and Battery
*Against UC39, Fernandez, Hairston, Heredia, and UC76*

59.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

60.     Defendants UC39, Fernandez, Hairston, Heredia, and UC76, without just cause or consent, wilfully and maliciously used harmful and/or offensive physical force against plaintiff to arrest him causing injury.

61.     Defendants UC39, Fernandez, Hairston, Heredia, and UC76 committed the foregoing acts intentionally, wilfully, and with malicious disregard for Plaintiff's rights, and are therefore liable for punitive damages.

## FIFTH CAUSE OF ACTION
### False Arrest and False Imprisonment
*Against UC39, Fernandez, Hairston, Heredia, and UC76*

62.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

63.     Defendants UC39, Fernandez, Hairston, Heredia, and UC76 through the foregoing acts, caused plaintiff to be wrongfully detained without good faith, reasonable suspicion, legal justification, or privilege, and of which detention plaintiff was aware and to which he did not consent.

64.     Defendants UC39, Fernandez, Hairston, Heredia, and UC76 committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
### Negligent Training, Supervision, and Discipline
*Against City of New York*

65.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

66.     The City of New York, intentionally, recklessly, negligently, and/or with deliberate indifference failed to adequately train, supervise, and discipline agents and employees of the NYPD.

67.     The City of New York's inadequate training, supervision, and discipline proximately caused the misconduct described above and Mr. Spruill's wrongful conviction and resulting damages.

## SEVENTH CAUSE OF ACTION
### *Respondeat Superior*
*Against City of New York*

68.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein

69.     The individual defendants, were, at all times relevant to this Count, employees and agents of either the City of New York, or the New York County District Attorney's Office. Each of those defendants and persons was acting within the scope of his or her employment, and their acts and omissions, as alleged above, are therefore directly chargeable to the City of New York under the state law doctrine of *respondeat superior*.

rally:

(a)  compensatory damages in an amount just and reasonable and in conformity wi
     the evidence at trial;

(b)  punitive damages to the extent allowable by law;

(c)  attorneys' fees;

(d)  the costs and disbursements of this action;

(e)  interest;

(f)  such other and further relief as the Court deems just and proper.

Dated:  April 10, 2019
        New York, New York

                          BELDOCK LEVINE & HOFFMAN LL
                          99 Park Avenue, PH/26th Fl.
                          New York, New York 10016
                          (212) 490-0400


                          _____
                          Keith Szczepanski

                          *Attorneys for Plaintiff Jeremiah Spruill*

## VERIFICATION

STATE OF NEW YORK ）

COUNTY OF NEW YORK ）

    JEREMIAH SPRUILL, being duly sworn, deposes and says that he is the plaintiff in the within action; that he has read the foregoing complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

JEREMIAH SPRUILL

Sworn to before me this
10th day of April, 2019

Notary Public

KEITH MICHAEL SZCZEPANSKI
Notary Public, State of New York
No. 02SZ6325315
Qualified in Kings County
Commission Expires May 26, 2019