SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK         PART 63
-------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

        -against-

JEREMIAH SPRUILL,

                        Defendant.
-------------------------------------------------------------------x

DECISION AND ORDER
Indictment: 1209/2014

GILBERT C. HONG, J.

A.D.A. Hilary Hassler, for the People
Robert Rosenthal, Cardozo Appeals Clinic, Counsel for Defendant

Procedural History and Parties' Positions

    On March 2, 2015, defendant was convicted after jury trial of two counts of Criminal Sale of a Controlled Substance in the Third Degree (Penal Law 220.39 [1]), and he was sentenced to concurrent determinate six-year prison terms, followed by three years of post-release supervision.

    Defendant appealed his conviction to the Appellate Division, First Department. Herein, defendant moves this court pursuant to Criminal Procedure Law (CPL) 440.10 to vacate the judgement and conviction against him. The People, in a response to defendant's motion, filed a Consent to CPL 440.10 Motion and Recommendation of Dismissal.[1]

    According to the facts stated in both sets of motion papers, defendant's conviction was based primarily on the trial testimony of Undercover Detective 39 (UC 39). The ghost did not testify at trial, and accordingly, defendant's identity rested exclusively on the testimony of UC 39.

    Upon learning that the defendant appealed his conviction, the Office of the District Attorney began to do further research into UC 39's background and whether there was reason to impeach his credibility. The People allege in their response papers that UC 39 has been named a

---

[1] While the People's response is dated November 17, 2017, it was not received by this court until January 8, 2018.

1

defendant in 17 civil rights suits in federal court, including one lawsuit where the jury found that UC 39 did fabricate evidence.[2]

Accordingly, the People conclude that "under the circumstances of this case, and given the pivotal role of UC 39 at trial, the fair course of action is to consent to a vacatur of defendant's conviction... [T]he interests of justice would not be served by a retrial." (People's Response, pg. 6).

Legal Analysis

A court may grant a defendant's CPL 440 motion without a hearing where defendant's sworn allegations sufficiently establish all essential facts necessary to establish his claim and the essential facts are conceded by the People (CPL 440.30 [3] [a-c]).

The defendant herein has, therefore, made the requisite showing in this case.

Conclusion

Based on the foregoing, the defendant's motion is granted in its entirety. In the interest of justice, and upon consent of the People, the judgment of March 2, 2015, is vacated, and the indictment is dismissed.

This opinion constitutes the decision and order of this Court.

Dated: New York, New York
January 8, 2018

GILBERT C. HONG, ASCJ

PT. 63 JAN 0 8 2018

---

[2] Whereas it is presently the People's policy to disclose to the defense the existence of civil lawsuits against police officers called by the People as witnesses in criminal trial pursuant to the Court of Appeals decision in *People v. Garrett*, 23 NY3d 878 (2014), that policy was not yet in place at the time of defendant's trial.