USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: \_\_7/14/2021\_\_\_\_\_



**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**HANNAH V. FADDIS**
*Senior Counsel*
phone: (212) 356-2486
fax: (212) 356-1148
hfaddis@law.nyc.gov

July 13, 2021

**BY ECF ONLY**
Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Jeremiah Spruill v. City of New York, et al.
             21 Civ. 181 (AT)

Your Honor:

    I am the attorney assigned to represent defendant the City of New York in the above-captioned matter. The City writes to respectfully request a stay of proceedings in this matter pending the adjudication of its motion to dismiss the Amended Complaint in its entirety, including the deadline for filing of a proposed case management plan and initial conference. Plaintiff does not consent to this request.[1]

    **I.**    **Background**

    Plaintiff was arrested on March 12, 2014, for criminal sale of a controlled substance. Plaintiff alleges that named defendant NYPD undercover officer, "UC 39," knowingly falsely identified plaintiff as a participant in a transaction for the sale of crack cocaine. Plaintiff further alleges that the other named NYPD officers supported UC 39's testimony in plaintiff's criminal prosecution, though they knew of his fabrication, and finally that the New York County District Attorney's Office ("DANY") knew of and withheld a history of similar allegations against UC 39 and improperly bolstered UC 39's credibility at trial. Plaintiff was convicted by a jury of criminal sale of two counts of controlled substance on December 2, 2014 and sentenced to two concurrent six year terms. Plaintiff filed a motion pursuant to N.Y. Criminal Procedure Law 440.10 challenging his conviction, and was released from state custody in 2017. DANY consented to the vacatur of plaintiff's conviction and dismissal of the indictment. The New York County Supreme Court vacated plaintiff's conviction and dismissed the indictment on January 8, 2018, in the interests of justice.

    On April 11, 2019, Plaintiff commenced a civil action in the Supreme Court of New

---

[1] The undersigned will confer with plaintiff's counsel regarding a proposed case management plan to be filed on or before July 15, 2021, in accordance with the Court's July 9th Order, in the event this application is denied.

1

York, New York County, alleging claims under the laws of the State of New York and New York State Constitution for, *inter alia*, false arrest, false charges, denial of the right to a fair trial, negligence, intentional and negligent infliction of emotional distress, assault and battery, and negligent hiring, training, and retention arising from this set of facts. Those claims were alleged against the defendants named in this action: The City of New York, UC 39, UC 76, Det. Fernandez, Det. Hairston, and Det. Heredia. That action is still pending in the Supreme Court of the State of New York, under Index No. 153749/2019. On January 8, 2021, plaintiff commenced the instant action, alleging substantially the same or similar claims under federal law, arising from the same nucleus of operative facts, against the same defendants, and naming an additional two NYPD officers and the District Attorney for New York County, Cyrus Vance, in his official capacity.

Defendant City subsequently served plaintiff with a letter pursuant to the Court's Individual Rules of Practice regarding deficiencies in the Complaint (ECF No. 1). In response, plaintiff sought leave of Court to file an Amended Complaint (ECF No. 45), which was granted (ECF No. 46). On April 7, 2021, plaintiff filed his Amended Complaint (ECF No. 47). On June 21, 2021, the City filed a motion to dismiss the Amended Complaint in its entirety based on the *Colorado River* abstention doctrine and other substantive grounds. (ECF Nos. 51-53).

## II. This Matter Should be Stayed Pending the Outcome of Defendant's Motion

A stay of this matter is appropriate both because the City's motion is fully dispositive of this action and because of the ongoing parallel proceedings. As discussed in the City's motion, the Colorado River abstention doctrine urges dismissal of this case because plaintiff filed a parallel action in state court almost two years prior to the commencement of this action. That parallel action arises from the same set of facts, advances the same or similar claims, and involves an almost identical set of defendants. Because all claims against the defendants in this case are ripe for dismissal, discovery is not necessary at this stage. As such, the City respectfully requests a stay of proceedings and adjournment *sine die* of all pending deadlines and appearances until after the adjudication of the City's motion.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery "for good cause." "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." Boelter v. Hearst Communs., Inc., No. 15 Civ. 03934 (AT), 2016 U.S. Dist. LEXIS 12322, at *13 (S.D.N.Y. Jan. 28, 2016) (quoting Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 02 Civ. 01276 (PKL), 206 F.R.D. 367, 368, 2002 U.S. Dist. LEXIS 6021 at *368 (S.D.N.Y. Apr. 8, 2002) (internal quotations omitted)). In determining whether to stay discovery, the Court should consider: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." Kanowitz v. Broadridge Fin. Solutions Inc., 13 CV 649 (DRH) (AKT), 2014 LEXIS 46518 at *15-*16 (E.D.N.Y. Mar. 31, 2014). Courts in this Circuit "have held that a stay of discovery is appropriate [] where the motion appears to have substantial grounds or[,] stated another way, does not appear to be without foundation in law." Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal citations and quotations omitted).

In the instant action, the City's motion to dismiss is fully dispositive of the Amended Complaint. As the stay of discovery would only last for the duration of the Court's consideration of the motion, plaintiff would not be prejudiced by a stay. Furthermore, in light of the fully dispositive nature of the City's motion to dismiss, any movement toward discovery would be a

waste of the Court and parties' resources. Moreover, because the parallel action is still proceeding, any discovery would be duplicative of the proceedings in that case, causing an unnecessary expenditure of the City's time and resources. Accordingly, the City respectfully requests that the Court stay proceedings and adjourn *sine die* all pending deadlines until after the adjudication of the City's motion to dismiss.

Defendant City thanks the Court for its time and attention to this matter.

Respectfully,

/s/ 
Hannah V. Faddis
*Senior Counsel*
**Special Federal Litigation Division**

cc: **VIA ECF**
*All Counsel of Record*

GRANTED.

SO ORDERED.

Dated: July 14, 2021
      New York, New York

ANALISA TORRES
United States District Judge